IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NINOUSKA GOMEZ, | : | No. 3:14cv477 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| OXFORD LAW, LLC, | : | |
|     Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court are Plaintiff Ninouska Gomez's (hereinafter "plaintiff") motion for summary judgment (Doc. 19) and Defendant Oxford Law, LLC's (hereinafter "defendant") motion for judgment on the pleadings (Doc. 14). The motions are fully briefed and ripe for disposition.

**Background**

The instant Fair Debt Collection Practices Act (hereinafter "FDCPA") action arose from defendant's telephone contact with plaintiff. On November 20, 2013, defendant attempted to collect a debt from plaintiff. (Doc. 15, Joint Statement of Material Facts (hereinafter "SOF") ¶¶ 3, 5). Defendant called plaintiff and left a message using a prerecorded voice. (Id. ¶ 5). The message stated:

> [P]lease hang up or disconnect. If you are Gomez, Vinouish please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge that you are Gomez, Vinouish. You should listen to this message in private as it contains personal and private

> information.  There will now be a short pause in this message to allow you to listen to this message in private.
> This is Casey Fox from Oxford Law, LLC.  This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact me 215-526-2600.  Thank you.
> This is a message for Gomez, Vinouish.  If we have reached the wrong number, we will remove your information if you call us back at 215-526-2600.  If you are not Gomez, Vinouish, please hang up or disconnect.  If you are Gomez, Vinouish, please continue to listen to this message.  There will now be a three second pause in this message.  By continuing to listen to this message you acknowledge that you are Gomez, Vinouish.  You should listen to this message in private as it contains personal and private information.  There will now be a short pause in this message to allow you to listen to this message in private.
> This is Casey Fox from Oxford Law, LLC.  This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact me 215-526-2600.

(Id. ¶ 6).

Based upon this message, plaintiff filed a single-count complaint contending defendant violated the FDCPA.  The parties stipulated to the underlying facts and each filed a dispositive motion: the defendant filed a motion for judgment on the pleadings (Doc. 14) and the plaintiff filed a motion for summary judgment (Doc. 19).  The parties then briefed the issues bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to the FDCPA, 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227, the court has jurisdiction under 28 U.S.C. § 1311 ("The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Under Rule 12(c), judgment should be granted where:

> the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. In this fashion the courts hope to insure that the rights of the nonmoving party are decided as fully and fairly on a rule 12(c) motion, as if there had been a trial.

Inst. for Scientific Info., Inc. v. Gordon & Breach Sci. Publishers, Inc., 931 F.2d 1002, 1004 (3d Cir. 1991) (citing Society Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980); 5C CHARLES A. WRIGHT & ARTHUR R.

MILLER, FED. PRACTICE AND PROCEDURE, § 1367 at 205 (3d ed. 2004)); see also Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005) (finding that under Rule 12(c) "[j]udgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law.").

Additionally, plaintiff filed a motion for summary judgment. Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the

evidence is such that a reasonable jury could not return a verdict for the non-moving party.  Anderson, 477 U.S. at 248.  A fact is material if it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by establishing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts with affidavits, depositions, admissions, or answers to interrogatories demonstrating that there is a genuine issue for trial.  Id. at 324.

**Discussion**

As noted above, plaintiff brings suit pursuant to the FDCPA, which Congress enacted to address "abusive, deceptive, and unfair debt collection practices."  15 U.S.C. § 1692(a).  The purpose of the law is "to eliminate abusive debt collection practices by debt collectors to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15

U.S.C. § 1692(e).[1]

In the instant action, the parties agree plaintiff is a "consumer" and defendant is a "debt collector" under the FDCPA. (SOF ¶¶ 1,2). The parties further agree defendant called plaintiff and left a message using a prerecorded voice while attempting to collect a debt from plaintiff. (Id. ¶¶ 3-5). Finally, the parties agree on the content of the debt collection message. (Id. ¶ 6). The sole issue for the court to resolve is whether defendant's message violated the FDCPA.

A debt collector violates the FDCPA when it "threat[ens] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5) (hereinafter "section 1692e(5)"). To establish a claim under section 1692e(5), the Third Circuit Court of Appeals has held that a plaintiff must demonstrate the debt collector threatened to take an action that could not legally be taken. Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006); see also Rosenau v. Unifund Corp., 539 F.3d 218, 222 n.3 (3d Cir. 2008) (noting that section 1692e(5) prohibits a debt collector from threatening "to take any action that cannot legally be taken

---

[1] If a debt collector fails to comply with the FDCPA, the consumer may bring a civil action and obtain any actual damages that person has sustained and statutory damages not to exceed $1,000. 15 U.S.C. § 1692k. A successful consumer may also be awarded the costs of the action and a reasonable attorney's fee. Id.

or that is not intended to be taken.").

Plaintiff contends section 1692e(5) prohibits two distinct types of conduct: (1) threats to take action that cannot be legally taken and (2) illegal acts.  Here, plaintiff does not assert that defendant's message is a threat to take action that cannot legally be taken.  (Doc. 20, Pl.'s Br. in Supp. Mot. for Summ. J. at 4-6; Doc. 24, Pl.'s Reply Br. at 2).  Rather, plaintiff claims defendant's message is an illegal act.

Specifically, defendant's message is an illegal act because it violates the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227.  Pursuant to the Telephone Consumer Protection Act ("TCPA"), it is unlawful for any entity to place a telephone call using a prerecorded voice unless the caller states **at the beginning** of the message the identity of the business, individual, or other entity that is responsible for the incoming call.[2]  47 U.S.C. § 227(d)(3)(A).

In the instant matter, defendant fails to identify the caller at the beginning of the message.  (SOF ¶ 6).  Instead, defendant identifies itself in the seventh sentence of the message.  (Id.)  Therefore, plaintiff argues,

---

[2]  The TCPA provides that "all artificial or prerecorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual or other entity initiating the call . . . ." 47 U.S.C. § 227(d)(3).

7

defendant's failure to identify itself at the beginning of the message is an illegal act. Because this illegal act occurred during the collection of a debt, defendant has violated section 1692e(5)'s prohibition against illegal acts.[3] The court disagrees.

Defendant's message fails to trigger liability under section 1692e(5) for two reasons. First, section 1692e(5)'s plain meaning applies only to **threats** to take any action that cannot legally be taken or that is not intended to be taken. Here, the message is devoid of any threat. The message states in relevant part: "This is Casey Fox from Oxford Law, LLC. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me 215-526-2600." (SOF ¶ 6). Defendant is not threatening to institute a debt collection lawsuit. Defendant is not threatening to garnish plaintiff's wages. Rather, defendant is asking the

---

[3] Even if the court accepts plaintiff's argument that the message violated the TCPA, defendant's message is at most a technical violation. Defendant's message contains introductory sentences to comply with the FDCPA. Specifically, the FDCPA provides that "[e]xcept as provided in section 1692b of this title [relating to obtaining location information] . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer[.]" 15 U.S.C. § 1692c(b). It appears that the purpose of the introductory comments is to ensure that no one but the debtor listens to the message about the debt. Thus, the defendant "violated" the TCPA to comply with the FDCPA.

8

plaintiff to call it back.

Second, even if the court were to construe section 1692e(5) to include both threats and illegal acts, defendant's technical violation of the TCPA–the illegal act–is not the type of illegal act the FDCPA prohibits. Courts to have addressed this issue have all held that the illegal act pertained to the filing of a lawsuit.  See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193, 1195-98 (11th Cir. 2010) (noting that liability could arise from a debt collector's failure to register as a debt collector when the debt collector has indicated that a lawsuit will be filed if the plaintiff fails to respond within a specific amount of time); Poirier v. Alco Collections, Inc., 107 F.3d 347, 350-51 (5th Cir. 1997) (finding that defendant's actions in filing suit against plaintiff constituted unauthorized practice of law and therefore, was an action that could not legally be taken against the plaintiff); Bradsdhaw v. Hilco Receivables, LLC, 765 F. Supp. 2d 719, 729-30 (D. Md. 2011) (holding that defendant's filing of lawsuits against plaintiffs constituted "a threat to take . . . action that cannot legally be taken" in contravention of section 1692e(5)); Foster v. D.B.S. Collection Agency, 463 F. Supp. 2d 783, 803-05 (S.D. Ohio 2006) (indicating that defendant's filing of debt collection lawsuits, when plaintiff's accounts were improperly assigned, constituted unauthorized practice of law and

therefore, was an action that could not legally be taken against plaintiff); Russey v. Rankin, 911 F. Supp. 1449, 1454 (D.N.M. 1995) (stating that a debt collector's letter threatening to file a collection lawsuit, when debt collector could not file a lawsuit in its own name, was an action that could not legally be taken).

Another court noted that a debt collector triggers liability pursuant to section 1692e(5) when it moved for default judgment absent the legal authority to do so.  See Harrington v. CACV of Colo., LLC, 508 F. Supp. 2d 128, 136 (D. Mass. 2007) (noting that defendant's fraudulent motion for default judgment is a "threat to take action that cannot legally be taken" in violation of section 1692e(5)).

Finally, courts have determined that liability under section 1692e(5) may arise when a debt collector files and serves a writ of garnishment. See Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235, 1238, 1247 (W.D. Wash. 2006) (stating that serving a writ of garnishment on an active duty service member's bank, while the service member was deployed to the Middle East, was an action that could not legally be taken under section 1692e(5)); Marchant v. U.S. Collections W., Inc., 12 F. Supp. 2d 1001, 1004-06 (D. Ariz. 1998) (holding that the filing of a writ of garnishment by an individual not authorized to practice law constituted a threat to take

action that cannot be legally taken pursuant to section 1692e(5)).

In short, no court has extended section 1692e(5)'s "illegal act" language to a technical violation of another law. Therefore, viewing the facts presented in the pleadings in the light most favorable to plaintiff, the defendant has established that no material issue of fact remains to be resolved, and it is entitled to judgment as a matter of law of plaintiff's FDCPA claim.

**Conclusion**

For the above-stated reasons, the court will grant defendant's motion for judgment on the pleadings and deny plaintiff's motion for summary judgment. While skillfully and artfully presented, plaintiff's cause of action fails to establish a threat to take an action that cannot legally be taken under 1692e(5). An appropriate order follows.


**Date: 01/05/15**              s/ James M. Munley
                                                     **JUDGE JAMES M. MUNLEY**
                                                     **United States District Court**